UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

UNITED STATES OF AMERICA,

           Petitioner,

v.

                                                              Case No. 13-20749

WILLIAM GIPSON,

           Respondents.
_____/

**OPINION AND ORDER DENYING DEFENDANT'S REQUEST FOR APPOINTMENT OF COUNSEL AND HOME CONFINEMENT**

Defendant William Gipson pleaded guilty to bank robbery, 18 U.S.C. § 2113(a). (ECF No. 32, PageID.134.) On October 29, 2014, the court sentenced him to 102 months imprisonment. (*Id.*, PageID.135.)

Defendant has filed a "Request for Appointment of Counsel [and] Home Confinement." (ECF No. 43.) He asks to court to order him to home confinement due to health risks presented by the Coronavirus Disease ("COVID-19").

The Bureau of Prisons ("BOP"), not the court, has the authority to "designate the place of [a] prisoner's imprisonment." 18 U.S.C. 3621(b); *see Tapia v. United States*, 564 U.S. 319, 331 (2011) ("When a court sentences a federal offender, the BOP has plenary control, subject to statutory constraints, over 'the place of the prisoner's imprisonment,' § 3621(b)."). Congress tasked the BOP with "ensur[ing] that a prisoner serving a term of imprisonment spends a portion of the final months of that term . . . under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for . . . reentry [into society]." 18 U.S.C. § 3624(c)(1). To achieve this task, the

BOP alone has authority to "place a prisoner in home confinement." 18 U.S.C. § 3624(c)(2).

District courts in the Sixth Circuit have routinely denied prisoner requests to order home confinement. *United States v. Shorter-Hayes*, Case No. 17-20614, 2020 WL 3961600, at *1 (E.D. Mich. July 13, 2020) (Michelson, J.) ("[T]his Court does not have the authority to order [defendant] released to home confinement."); *United States v. Oliver*, Case No. 17-20489, 2020 WL 2768852, at *2 (E.D. Mich. May 28, 2020) (Berg, J.) ("[T]he exclusive authority to determine a prisoner's place of incarceration—including home confinement—rests with the BOP, not with the sentencing court."); *United States v. Boyd*, Case No. 14-86, 2020 WL 2106023, at *1 (E.D. Tenn. May 1, 2020) (reasoning that a court order "has no binding effect on the authority of the [BOP] to determine or change the place of imprisonment"); *United States v. Gales*, Case No. 19-251-4, 2020 WL 2085146, at *3 (N.D. Ohio April 29, 2020) ("[T]he authority to provide for home confinement rests with the BOP.").

The court lacks legal authority to grant Defendant's request. 18 U.S.C. 3621(b); 18 U.S.C. § 3624(c)(1). Because Defendant's request is facially inadequate, appointment of counsel is not necessary.

To the extent that Defendant's request could be read as a motion for compassionate release under 8 U.S.C. § 3582(c)(1)(A), it fails for lack of exhaustion. Defendant can move for compassionate release only "after [he] has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on [his] behalf or the lapse of 30 days from the receipt of such a request by the warden of [Defendant's] facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). Defendant neither presents

evidence nor alleges that he exhausted administrative remedies or waited thirty days after submitting to the BOP a request for release. *See United States v. Alam*, 960 F.3d 831, 834 (6th Cir. 2020) (holding that § 3582(c)(1)(A)'s exhaustion requirement is a "mandatory claim-processing rule[]" that "must be enforced"). If Defendant later satisfies the exhaustion requirements of § 3582(c)(1)(A), the court may review a request for compassionate release. Accordingly,

IT IS ORDERED that Defendant's "Request for Appointment of Counsel [and] Home Confinement" (ECF No. 43) is DENIED.

      s/Robert H. Cleland      /
      ROBERT H. CLELAND
      UNITED STATES DISTRICT JUDGE

Dated: July 28, 2020

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, July 28, 2020, by electronic and/or ordinary mail.

      s/Lisa Wagner      /
      Case Manager and Deputy Clerk
      (810) 292-6522

S:\Cleland\Cleland\JUDGE'S DESK\C2 ORDERS\13-20749.GIPSON.RequestforAppointmentofCounselandHomeConfinement.RMK.2.docx